## EDELIN v. RICHARDSON.

A judgment will not be reversed on the ground of its not allowing interest, where the amount of interest was but small, and the omission was not made a special ground for a new trial.

APPEAL from the District Court of Rapides, *Cushman*, J. *Elgee* and *Hyams*, for the appellant. *Ryan*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who is an attorney and counsellor at law, brought his action against the defendant to recover the sum of $1000, with interest from judicial demand, for professional services rendered the defendant in a controversy arising under' the last will of his deceased wife, and in relation to the community of acquets and gains which had existed between the defendant and his said wife, which services the plaintiff alleges to have been well worth the said sum of $1000. The case was submitted to a jury, who found a verdict for the plaintiff for the sum of three hundred dollars. Judgment being rendered for that amount, the plaintiff has appealed.

It appears that the plaintiff was employed by the defendant as assistant counsel, and that the ground of controversy in which his interests were involved was the effect of the birth of a child subsequent to the date of the will, upon its validity. The principal counsel was examined as a witness before the jury, and the main services rendered by the plaintiff were in consultation with the witness on the question of law above stated. Another gentleman of the bar was also employed by the defendant, to aid in the affairs of the defendant's wife's succession. The business was terminated shortly after by a compromise.

Three gentlemen of the bar, examined as witnesses by the plaintiff, estimate the services of the plaintiff at a larger sum than that allowed by the verdict It is obvious that, the testimony of the principal counsel, who could alone be acquainted with the character of the services rendered in counsel by the plaintiff, and who had the means of forming a correct estimate of their value, is entitled to great weight in forming a conclusion on that subject. If the jury took this

EDELIN
v.
RICHARDSON.

testimony for their guide, they certainly were at liberty so to do in the exercise of their deliberate judgments. The witness considered the plaintiff's services as worth more than two hundred and fifty dollars, and that if the defendant had paid the plaintiff five hundred dollars he would have done himself no injustice; and very properly adds that he finds it difficult to estimate the value of the plaintiff's professional services, from the want of any positive criterion in such a case as this. We understand the witness as affirming only that, the value of the services exceeded $250. The estimate of the three gentlemen, as to a higher rate than that given by the verdict, we do not understand to be concurred in by two other gentlemen of the profession, who were examined on the part of the defence.

The object of the appeal is not to obtain a new trial, but a judgment for five hundred dollars—the amount at which the plaintiff's services are estimated by his witnesses. As we have had occasion to observe, in a late case of this kind, the responsibility of determining the amount of fees due for professional services is a matter of great delicacy; and, under the rules under which our predecessors have acted, the court must be guided by a conscientious estimate of their value. *Succession of Macarty*, 3 An. Rep. 621. Counsel fees are, in point of fact, from their very nature, honorary, and are not susceptible of an accurate appreciation in money. The jury having passed upon the whole evidence, which is not concurrent, we do not feel ourselves at liberty to give the plaintiff a larger sum than that awarded to him by the verdict.

It is objected that the judgment allows no interest; but we think this ought to have been made specially one of the grounds for a new trial. *Grailhe* v. *Hown*, 1 Annual, 140.                                   *Judgment affirmed.*